# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1227

_____

David Maegdlin,

        Appellant,

v.

International Association of
Machinists and Aerospace Workers,
District 949,

        Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Missouri.
\*
\*
\*
\*
\*

_____

Submitted:  September 10, 2002

Filed:  November 5, 2002

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and MELLOY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

David Maegdlin brought this action against his local union, International Association of Machinists and Aerospace Workers, District 949,[1] complaining about

_____

[1]Although "International Association of Machinists and Aerospace Workers, District 949" is defendant's name of record in the district court and on appeal, defendant states in its brief that its name is in fact "Air Transport Local Lodge 949," an affiliate of the International Association of Machinists and Aerospace Workers,

his local union's representation of him with regard to his grievances against his employer, Trans World Airlines (TWA). The district court granted the local union's motion to dismiss or for summary judgment, and Mr. Maegdlin appeals. We affirm the district court's judgment in part and reverse it in part.

In his original complaint, Mr. Maegdlin captioned his sole count against the local union "Breach of Duty of Fair Representation." After the district court granted the local union's unopposed motion for a more definite statement of that claim, *see* Fed. R. Civ. P. 12(e), Mr. Maegdlin filed an amended complaint. Mr. Maegdlin's amended complaint deleted the breach of duty count, and substituted in its place four counts against the local union pursuant to Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e through 2000e-17, and the Missouri Human Rights Act (MHRA), *see* Mo. Rev. Stat. §§ 213.010 - 213.137. The district court dismissed these four counts as untimely because Mr. Maegdlin filed his amended complaint after the statutory filing deadline had passed (more than ninety days after receipt of his right-to-sue letters from the Equal Employment Opportunity Commission and the Missouri Human Rights Commission). *See* 42 U.S.C. § 2000e-5(f)(1); Mo. Rev. Stat. § 213.111(1).

Mr. Maegdlin asserts that his Title VII and MHRA claims of gender discrimination and retaliation are timely filed because his amended complaint "relates back" to his original complaint, which was filed within the ninety-day period. Under Fed. R. Civ. P. 15(c)(2), an "amendment of a pleading relates back to the date of the original pleading when ... the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." We agree that Mr. Maegdlin's complaint "relates back" with respect to his Title VII and MHRA gender discrimination claims against the local

---

AFL-CIO. We refer to defendant simply as the "local union."

union.  But we do not agree that Rule 15(c)(2) saves his Title VII and MHRA retaliation claims against the same defendant.

The rationale behind Rule 15(c)(2) is that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984).  Our review of Mr. Maegdlin's original complaint convinces us that we must reject the local union's protestations that Mr. Maegdlin's original complaint did not provide fair notice of his gender discrimination claim.  *Cf. id.*  We think that the substance of Mr. Maegdlin's original complaint, which alleges (albeit generally) that the local union treated Mr. Maegdlin differently, and failed to represent him adequately with regard to his grievances against TWA, because of his gender, quite obviously states a claim of gender discrimination.  *See, e.g., Hopkins v. Saunders*, 199 F.3d 968, 973-74 (8th Cir. 1999), *cert. denied*, 531 U.S. 837 (2000); *Smith v. St. Bernards Reg'l Med. Ctr*, 19 F.3d 1254, 1254 (8th Cir. 1994).

The opening paragraph of Mr. Maegdlin's original complaint states that his is "an action for breach of the duty of fair representation by a labor union brought to secure relief, legal and equitable, *for discrimination on the basis of gender*" (emphasis added).  Mr. Maegdlin's original complaint alleges that he "requested representation from [the local union] in the matter of grievances filed against" TWA, that the local union "refused to represent [him] or provided unfair, irrelevant or invidious representation," that he received representation that "was different than the representation provided to the other members," and that he was "treated differently from other members of [the local union] because of his gender."  When we compare these statements to the allegations made in Mr. Maegdlin's amended complaint, we conclude that the district court was mistaken in its determination that Mr. Maegdlin's Title VII and MHRA gender discrimination claims do not arise out of the "conduct, transaction, or occurrence set forth or attempted to be set forth" in his original complaint.  We instead view Mr. Maegdlin's amended complaint as expanding upon

his earlier allegations of unfair representation and gender discrimination by describing more particularly the local union's alleged misbehavior, such as the local union's attempts to dissuade him from filing a complaint, to persuade him to withdraw his complaint, and to impede his ability to file his grievance.

We note that Mr. Maegdlin's mere use of the phrase "breach of duty of fair representation" in his original complaint does not, in and of itself, necessarily signify that Mr. Maegdlin intended to bring his action under the Labor Management Relations Act (LMRA), *see* 29 U.S.C. § 185. Indeed, a plaintiff may bring an action under Title VII and the MHRA if his union, for discriminatory reasons, breaches its duty to represent him fairly in the handling of his complaints and grievances. *See* 42 U.S.C. § 2000e-2(c)(1); Mo. Rev. Stat. § 213.055.1(2); *see, e.g., Carter v. Chrysler Corp.*, 173 F.3d 693, 703-04 (8th Cir. 1999); *Marquart v. Lodge 837*, 26 F.3d 842, 845-46 (8th Cir. 1994). Even assuming, however, that Mr. Maegdlin intended to proceed under the LMRA at the time that he filed his initial pleading, the protection that Rule 15(c)(2) provides is available to him because a change in legal theory is not fatal to the rule's application. "[R]elation back has been permitted of amendments that change the legal theory of the action." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996). "It is the facts well pleaded, not the theory of recovery or legal conclusions, that state a cause of action and put a party on notice." *Hopkins*, 199 F.3d at 973 (quoted cases and internal quotations omitted).

Mr. Maegdlin's Title VII and MHRA retaliation claims are, however, a different matter. On this issue, we agree with the district court that Mr. Maegdlin's amended complaint cannot relate back to his original complaint because the "conduct, transaction, or occurrence set forth or attempted to be set forth" in his original complaint contains no suggestion of retaliatory conduct on the part of the local union. We find no merit in Mr. Maegdlin's argument that he adequately notified the local union of his retaliation claim in his original complaint by incorporating by reference into his count against the local union his separate Title VII and MHRA retaliation

claims against TWA (that TWA disciplined him because he filed a charge of gender discrimination).

We recognize that by realleging and incorporating by reference the details of his separate claims against TWA, Mr. Maegdlin may have lent further context to his claim of discriminatory and unfair representation by the local union. We believe that it would be impractical and unfair, however, to expect the local union to gather from Mr. Maegdlin's separate and specific allegations against TWA that Mr. Maegdlin was claiming that the local union also retaliated against him. Because Mr. Maegdlin's amended complaint was filed more than ninety days after his receipt of his right-to-sue letters, and because his retaliation claims against the local union do not arise out of the conduct set forth or attempted to be set forth in his original complaint, Mr. Maegdlin's Title VII and MHRA retaliation claims against the local union are untimely and must be dismissed.

Accordingly, we affirm in part, and reverse and remand in part for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-