# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3920

_____

Jamesetta Battle,                                  *
                                                   *
                Appellant,                         *
                                                   *   Appeal from the United States
        v.                                         *   District Court for the
                                                   *   Western District of Missouri.
Federal Express Corporation,                       *
                                                   *          [UNPUBLISHED]
                Appellee.                          *

_____

Submitted: December 6, 2005
    Filed: December 12, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jamesetta Battle appeals the district court's[1] adverse grant of summary judgment in her action under Title VII and 42 U.S.C. § 1981 against her former employer, Federal Express Corporation (Fed Ex). We affirm.

Initially, we agree with the district court that Ms. Battle filed her judicial complaint more than 90 days after receiving her right-to-sue notice, and hence, her Title VII claims are time-barred. See Maegdlin v. Int'l Ass'n of Machinists &

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Aerospace Workers, 309 F.3d 1051, 1052 (8th Cir. 2002) (per curiam) (plaintiff must file Title VII complaint within 90 days after receipt of right-to-sue letter); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (per curiam) (presumption exists that claimant received right-to-sue notice 3 days after its mailing).

The district court also correctly concluded that several of the incidents underlying Ms. Battle's discrimination and retaliation claims were not adverse employment actions, and thus could not support a section 1981 claim. See Davis v. KARK-TV, Inc., 421 F.3d 699, 703-04 (8th Cir. 2005) (prima facie case of discrimination under § 1981 requires adverse employment action); Kim v. Nash Finch Co., 123 F.3d 1046, 1060 (8th Cir. 1997) (adverse employment action is element of retaliation claim under § 1981). These incidents included potential relocation, a temporary termination that was rescinded, and refusal to recertify her on a particular truck type. See Hoffman v. Rubin, 193 F.3d 959, 964 (8th Cir. 1999) (adverse employment action occurs when employee suffers loss with respect to term, condition, or privilege of employment).

Ms. Battle's poor reviews and her exclusion from the management training program may have constituted adverse employment actions, but the record contains no evidence from which to infer that racial discrimination motivated these poor reviews, or that similarly situated white employees were more favorably treated. See Philip v. Ford Motor Co., 413 F.3d 766, 768 (8th Cir. 2005). Further, Ms. Battle failed to establish the requisite causal connection between these events and any protected activity for purposes of her retaliation claim. See Smith v. Riceland Foods, Inc., 151 F.3d 813, 819 (8th Cir. 1998) (third element of prima facie case of retaliation is causal connection between adverse employment action and protected activity).

Ms. Battle also failed to establish a prima facie case of discriminatory failure-to-promote, because she did not provide any information about the

qualifications for the 1998 promotion that she sought, whether she met those qualifications or whether a similarly situated white person, received the job instead. See Younts v. Fremont County, 370 F.3d 748, 754-55 (8th Cir. 2004). Ms. Battle's claim that she was denied promotions after September 1999 fails as well, because the record contains no evidence that she applied, or was otherwise eligible, for any promotion during that time. With respect to the claim that Fed Ex discriminatorily denied Ms. Battle extra working hours, Fed Ex offered legitimate, nondiscriminatory reasons for its actions, which Ms. Battle did not rebut with any evidence. See Ruby v. Springfield R-12 Pub. Sch. Dist., 76 F.3d 909, 911-12 (8th Cir. 1996) (affirming grant of summary judgment where plaintiff failed to offer evidence to rebut employer's non-discriminatory reasons for its actions).

Accordingly, we affirm.

_____