David McCLOUD, Plaintiff
and Appellant,

v.

Dave ANDERSEN and Calvin Andersen,
Defendants and Appellees.

No. 17543.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1992.

Decided May 27, 1992.

Larry F. Hosmer of Kabeiseman, Hosmer & Kettering, Yankton, for plaintiff and appellant.

Craig A. Kennedy and D. Mark Collins of Doyle and Kennedy, Yankton, for defendants and appellees.

PER CURIAM.

David McCloud (McCloud) appeals the dismissal of State Farm Insurance Company (State Farm) as a party defendant in his negligence action against Dave and Calvin Andersen (Andersens). We affirm.

FACTS

The facts and procedural history of this matter are relatively undisputed. On February 23, 1987, McCloud allegedly sustained an injury to his back while working as a farm laborer for Andersens. On December 5 and 6, 1988, McCloud served Andersens a summons and complaint for negligence in connection with the incident causing his injury. Andersens served their answer on August 10, 1989. On October 1, 1990, McCloud served a motion to join State Farm as a party defendant. The trial court entered an order joining State Farm on October 9 and, on October 11, McCloud served State Farm with an amended summons and complaint naming it as a defendant. State Farm answered on December 5, 1990, raising violation of the applicable statute of limitations as an affirmative defense.

On February 1, 1991, State Farm filed a motion seeking its dismissal as a defendant. On March 5, 1991, the trial court entered findings of fact and conclusions of law on the motion finding: McCloud sustained his injury on February 23, 1987; his motion to join State Farm and amended summons and complaint were filed more than three years after accrual of his cause of action; McCloud knew Andersens were insured by State Farm as early as December 1988; and, there was no mistake by McCloud concerning identity of the proper party defendants. Based on these findings, the trial court concluded McCloud's amended complaint did not relate back to the date of his original complaint against Andersens and, as a consequence, the amended complaint was barred by the three year statute of limitations in SDCL

15-2-14. Therefore, the trial court entered its order granting State Farm's motion to dismiss on March 5, 1991.

The trial of McCloud's action against Andersens proceeded on March 5 and 6, 1991 and the jury returned a verdict in Andersens' favor. A judgment was entered accordingly and McCloud appeals.

## ISSUE

WHETHER THE TRIAL COURT ERRED IN ITS DISMISSAL OF STATE FARM AS A PARTY DEFENDANT?

McCloud argues the trial court erred in dismissing State Farm from this action because the date of his amended complaint related back to the time the action was originally commenced against Andersens. Therefore, McCloud contends there was no violation of the applicable statute of limitations in the addition of State Farm as a defendant. In support of his argument, McCloud relies on the provisions of SDCL 15-6-15(c):

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and
>
> (2) *knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.* (emphasis added).

The trial court found McCloud knew Andersens had a contract of insurance with State Farm as early as December 1988, and, thus, there was no mistake by McCloud concerning the identity of the proper party defendants. On these findings, the trial court concluded McCloud's amended complaint could not relate back to the date of the original complaint according to the explicit language of SDCL 15-6-15(c) emphasized above. McCloud contends the trial court misinterpreted SDCL 15-6-15(c) to mean there can only be a mistake concerning identity of a proper party defendant if there is a misnomer of the defendant. McCloud asserts this interpretation is incorrect, that the purpose of the requirements of Rule 15(c) is to avoid undue surprise, that State Farm was not surprised or prejudiced when it was joined as a party and, therefore, the trial court erred in dismissing State Farm from the action. We disagree.

"Rule 15(c) F.R.Civ.P.* expressly provides that an amendment changing the parties relates back to the date of the original pleadings if certain conditions are satisfied. This alters the generally accepted rule that new defendants cannot be added after the applicable limitations period has expired." *Bush v. Oceans Intern.*, 621 F.2d 207, 209 n. 1 (5th Cir.1980) (footnote added).

> Rule 15(c) allows relation back of an amended complaint to include a defendant not previously named if (1) the claim asserted in the amended complaint "arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading;" (2) the new defendant "has received such notice of the institution of the action [prior to the running of the applicable statute of limitations] *that he will not be prejudiced* in maintaining his defense on the merits;" *and* (3) the new defendant "knew or should have known [prior to the running of the applicable statute of limitations] that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

*Trace X Chemical v. Gulf Oil Chemical Co.*, 724 F.2d 68, 70 (8th Cir.1983) (citations omitted) (emphasis added).

---

* Fed.Rul.Civ.Proc. 15(c) is essentially identical to SDCL 15-6-15(c).

A statute is primarily interpreted by according the statutory language its "plain, ordinary and popular meaning." *Matter of Estate of Pejsa*, 459 N.W.2d 243, 246 (S.D.1990). Here, McCloud repeatedly argues lack of prejudice in his attempt to add State Farm as a party defendant in the present action. However, the plain language of SDCL 15-6-15(c) (i.e. Rule 15(c)), as recognized in the above passage, makes clear that lack of prejudice is but one of three prongs in the test for determining whether the addition of a defendant will relate back to the filing of the original complaint so as to avoid a statute of limitations defense. In this instance, the trial court rested its decision on its determination that there was no mistake by McCloud concerning identity of the proper party defendants (the third prong in the above test). Accordingly, our review must necessarily center on the propriety of that determination.

In *Marchant v. City of Little Rock, Ark.*, 741 F.2d 201 (8th Cir.1984), a plaintiff brought an action against several municipal officials for injuries she allegedly suffered while detained in a municipal detention center. Among the named defendants was the chief jail administrator. However the plaintiff's complaint erroneously named an administrator who had retired from that position several months before the plaintiff's detention. When the plaintiff attempted to amend her pleadings to substitute the name of the person who was the actual administrator during the relevant period, the trial court denied the amendment finding the statute of limitations had run and the requirements for relation back under Rule 15(c) had not been met. The circuit court agreed noting the plaintiff had notice long before the running of the statute of limitations of the name of the actual administrator and stated it was inconceivable a "reasonably diligent plaintiff" would not have ascertained his official position before the statute of limitations expired. *Marchant*, 741 F.2d at 206.

In *Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853 (9th Cir.1986), a case even more analogous to the matter at hand, the trial court had dismissed an amended complaint adding new defendants for violation of the applicable statute of limitations. On appeal, the plaintiff contended the trial court abused its discretion in holding the amended complaint did not relate back to the filing of the original complaint under Rule 15(c). The circuit court rejected this argument observing the plaintiff had notice of the existence of the additional defendants three weeks after filing the original complaint but made no attempt to add these defendants until after expiration of the statute of limitations. The court held because the plaintiff failed to amend her complaint after being informed of the additional defendants, the defendants could not be found to have known during the limitations period that they were not named in the initial complaint due to a mistake. In this regard, the circuit court noted:

> A plaintiff's failure to amend its complaint to add a defendant after being notified of a mistake concerning the identity of a proper party therefore may cause the unnamed party to conclude that it was not named because of strategic reasons rather than as a result of the plaintiff's mistake.

*Kilkenny*, 800 F.2d at 857. The court went on to conclude:

> Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party. Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation.

*Kilkenny*, 800 F.2d at 857-58.

■ In both *Marchant* and *Kilkenny*, the plaintiffs' notice of the existence of potential defendants and failure to amend their complaints to name those defendants prior to expiration of the statutes of limitation were fatal to their later claims of relation back under Rule 15(c) so as to avoid application of the statutes of limitation. In this instance, the trial court found McCloud knew Andersens were insured by State Farm as early as December 1988.

This was well over a year before the statute of limitations ran on McCloud's claim and McCloud does not dispute this finding on appeal. Thus, as in *Marchant, supra,* McCloud had notice long before the running of the statute of a proper party defendant and yet failed to exercise due diligence prior to the running of the statute to amend his complaint to name that defendant. Therefore, as condemned in *Kilkenny, supra,* McCloud simply ignored or failed to respond in a reasonable fashion to notice that State Farm was a potential defendant and we hold Rule 15(c) should not be applied to assist him in his lack of diligence. Based upon this analysis, we find no error in the trial court's dismissal of State Farm as a defendant in this action.

Affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.