2003 SD 66

**Robert O. SJOLAND and Vonda Sjoland, Plaintiffs and Appellees,**

v.

**Melvin E. CARTER, Defendant,**

and

**Ron Borden and Jim Cassidy, Defendants and Appellants.**

**No. 22582.**

Supreme Court of South Dakota.

Considered on Briefs April 28, 2003.

Decided June 4, 2003.

Patrick Duffy of Duffy & Duffy Law Office, Rapid City, for plaintiffs and appellees.

Jerry D. Johnson of Banks, Johnson, Colbath, Sumner & Kappelman, Rapid City, for defendants and appellants.

GILBERTSON, Chief Justice.

[¶ 1.]   This is a discretionary appeal allowed by this Court brought by Ron Borden (Borden) and Jim Cassidy (Cassidy) after the trial court denied their motions for summary judgment.   We reverse on Issue I and therefore, need not reach Issue II.

## FACTS AND PROCEDURE

[¶ 2.]   On August 14, 1995, Robert and Vonda Sjoland were traveling in their suburban on North Highway 79.   They were on vacation and on their way to Madison, South Dakota from Utah. At approximately the same time that the Sjolands drove by, Melvin Carter (Carter), a State of South Dakota employee, was mowing a ditch alongside the highway.   The mower, which Carter was operating, came into contact with a three-pound sledge hammer that had been left in the ditch, causing the hammer to propel into the air and travel through the Sjoland's windshield.   The hammerhead hit and broke Robert Sjoland's left shoulder.

[¶ 3.]   The Sjolands filed suit against Carter, the State of South Dakota, and three "John Does," alleging negligence against each defendant and punitive damages against Carter and the State of South Dakota.   The initial complaint was served on April 16, 1996 and contained the following:

Melvin E. Carter is the individual who was operating the mower at the time of the accident.   The name of the individual who was charged with the responsibility of maintaining the mower itself is not known and that individual is referred to in this Complaint as one of the "John Does." The name of the individual who left the sledge hammer by the side of the road, and the name of the individual who would be charged with the responsibility of checking the roadway before mowing are not known, and so are named as "John Does." All of these people are employees of the State of South Dakota.

[¶ 4.]   On September 15, 1998, one month after the three-year statute of limitations for personal injuries (SDCL 15–2–14(3)) had run, the Sjolands served their first set of interrogatories.   One of the interrogatories asked for the identity of Carter's immediate supervisor.   Another asked the name of the person that Carter called immediately after the accident and the person who was at the scene of the accident.   The interrogatories were answered on February 5, 1999 and identified Carter's supervisors as Borden and Cassidy.   A few months later by stipulation of the parties, the State of South Dakota was dismissed from the lawsuit.

[¶ 5.] However, not until July 2001, nearly six years after the accident, was an amended complaint served on Borden and Cassidy. The complaint alleged that Borden and Cassidy:

(a) negligently failed to insure the proper safety procedures are followed by employees under their supervision; (b) negligently failed to fully and adequately train Melvin E. Carter in the proper safety procedures; and (c) negligently failed to insure that proper procedures are followed by employees while operating the mowing equipment as outlined in the safety manuals.

[¶ 6.] Citing statutes of limitation and sovereign immunity defenses, Borden and Cassidy moved for summary judgment on the claims asserted against them. The trial court denied their motions, finding that the claims against them related back to the date of service of the original complaint and that the alleged conduct of Borden and Cassidy did not involve the performance of discretionary duties. Borden and Cassidy bring this discretionary appeal, asking us to review the following issues:

1. Whether the claims against Borden and Cassidy relate back to the service date of the original complaint.

2. Whether the actions of Borden and Cassidy, which are at issue in this case, are discretionary or ministerial functions.

### STANDARD OF REVIEW

[¶ 7.] "Our standard of review for the granting or denying of summary judgment is well-settled." According to *Holzer v. Dakota Speedway*, 2000 SD 65, ¶ 8, 610 N.W.2d 787, 792:

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." SDCL 15–6–56(c). We will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided. *Bego v. Gordon*, 407 N.W.2d 801, 804 (S.D.1987). All reasonable inferences drawn from the facts must be viewed in favor of the non-moving party. *Morgan v. Baldwin*, 450 N.W.2d 783, 785 (S.D.1990). The burden is on the moving party to clearly show an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law. *Wilson v. Great N. Ry. Co.*, 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968). (Citations omitted.)

[¶ 8.] Furthermore, this appeal concerns statutory construction and interpretation. It is well-settled that "[s]tatutory interpretation presents a question of law reviewable de novo." *Zoss v. Schaefers*, 1999 SD 105, ¶ 6, 598 N.W.2d 550, 552 (citing *Satellite Cable Srvs. v. Northern Electric*, 1998 SD 67, ¶ 5, 581 N.W.2d 478, 480).

### ANALYSIS AND DECISION

[¶ 9.] **1. Whether the claims against Borden and Cassidy relate back to the service date of the original complaint.**

[¶ 10.] The court rules at issue in this appeal are SDCL 15–6–9(h) and SDCL 15–6–15(c). SDCL 15–6–9(h) provides:

When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the ac-

tion shall be amended by substituting the true name.

SDCL 15–6–15(c) reads:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and

(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

[¶ 11.] In *Moore v. Michelin Tire Company Inc.*, 1999 SD 152, ¶ 32, 603 N.W.2d 513, 523, we interpreted SDCL 15–6–9(h) as not intending to toll the statutes of limitation or as the "relation back of claims against ... defendants substituted for previously named fictitious parties." Moreover, we held in that case that the plaintiff should not be allowed to name Doe defendants in a complaint, wait until after the statutes of limitation has expired, and then amend the complaint to replace the Doe defendants with named defendants. *Id.* ¶ 34, 603 N.W.2d at 523. We based that case's holding on the reasoning that:

[i]f we read SDCL 15–6–9(h) to allow the tolling of the statute of limitation and relation back upon demand, such an interpretation would create unreasonable results. Such an interpretation would allow the absence of notice to

continue indefinitely beyond the terms of the statutes of limitations; theoretically, into infinity. It would expand the period for bringing claims, discourage prompt investigation and resolution of actions and deny some defendants a defense available to the public at large.

*Id.* ¶ 34, 603 N.W.2d at 523. Thus, SDCL 15–6–9(h) cannot be utilized in this case to amend a complaint that replaces the Doe defendants after the applicable statute of limitation has run.

[¶ 12.] In the alternative, Sjolands argue SDCL 15–6–15(c) may be used to amend a complaint to name a defendant not previously named if three prongs are satisfied. These prongs are: (1) the claim asserted in the amended complaint "arose out of the conduct, transaction, or occurrence set forth ... in the original pleading;" (2) the new defendant "has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits;" and, (3) the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

[¶ 13.] In *McCloud v. Andersen*, 485 N.W.2d 799 (S.D.1992), the plaintiff brought an action against his employer after the plaintiff injured his back while working as a farm laborer. The plaintiff amended his complaint more than three years after the injury to add State Farm as a defendant, although the plaintiff knew that his employer was insured by State Farm less than a year after the injury. *Id.* State Farm moved for summary judgment, alleging that the three-year statutes of limitation had expired. *Id.* The trial court agreed and granted State Farm summary judgment. *Id.* at 800. On appeal, we affirmed, holding that "[plaintiff] simply ignored or failed to respond in a reason-

able fashion to notice that State Farm was a potential defendant and ... Rule 15(c) should not be applied to assist [plaintiff] in his lack of diligence." *Id.* at 802.

[¶ 14.] In the case at hand, the Sjolands did not conduct discovery concerning the identity of Carter's supervisors until after the three-year statutes of limitation had run. By the time Borden and Cassidy were served with the amended complaint, more than six years had passed since the accident on which this cause of action is based. The Sjolands assert that "[w]hen the plaintiff substitutes the real name of the party in place of the 'John Doe,' the plaintiff must satisfy the requirements of 15(c) in order for the amendment to 'relate back' to the date of the original pleading which was filed within the statutory period."

[¶ 15.] The trial court in its memorandum opinion found:

> It would appear here that the parties were actually exchanging the information during the discovery process that resulted in the substitution of names long before that took place. It would not appear that any prejudice to either side has occurred.

Although this would infer that the amended complaint simply replaced the names of the fictitious defendants in the original complaint, as the Sjolands contend, an analysis of the two complaints reveals that is not the case. The first complaint alleged claims of negligence and punitive damages against three "John Doe" defendants; specifically, the person who was in charge of the maintenance of the mower, the person who left the sledge hammer on the side of the road, and the person who is in charge of checking the roadway before mowing. However, the amended complaint named Borden and Cassidy as liable for negligent training and supervision.

[¶ 16.] The Sjolands argue that the three prongs of SDCL 15-6-15(c) are satisfied. Applying these three prongs to the facts of this case, the first requirement of the statute is met. The claims against Borden and Cassidy "arose out of the conduct, transaction, or occurrence set forth ... in the original pleading."

[¶ 17.] The second requirement is that Borden and Cassidy have "received such notice of the institution of the action that [they] will not be prejudiced in maintaining [their] defense on the merits." Arguably this prong is also satisfied. It can be assumed that Borden and Cassidy knew that their co-employee had been sued by the Sjolands; therefore, they cannot claim that they were prejudiced on the basis that they were completely unaware of the lawsuit.

[¶ 18.] However, as we stated in *McCloud*, 485 N.W.2d at 801, a lack of prejudice is just one prong of the test. Furthermore, the third prong, that the newly-named party in the amended pleadings "knew or should have known that, but for mistake concerning the identity of the proper party, the action would have been brought against him," cannot be satisfied. In this case, there was no misidentification of the proper party. The Sjolands knew after receiving the answers to their interrogatories that Borden and Cassidy were Carter's supervisors, yet made no attempt to amend the complaint to join them as parties until well after the statutes of limitation had run. Because over six years had passed since the accident, Borden and Cassidy could not be held accountable for knowing that they would be joined as defendants. *See McCloud*, 485 N.W.2d at 801 (citing *Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 206 (8th Cir. 1984)) (holding a "reasonably diligent plaintiff" would have had notice of the defendant long before the statutes of limitation had run) and *Kilkenny v. Arco Ma-*

*rine, Inc.,* 800 F.2d 853, 857 (9thCir.1986) (stating that "Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation.").

[¶ 19.] Because we reverse on Issue I, we do not reach Issue II.

[¶ 20.] SABERS, ZINTER, and MEIERHENRY, Justices, concur.

[¶ 21.] KONENKAMP, Justice, deeming himself disqualified, did not participate.