2004 SD 55

**Dawn HEDEL–OSTROWSKI, Plaintiff and Appellant,**

**v.**

**CITY OF SPEARFISH and Keith Hepper, Defendants and Appellees,**

**and**

**Miracle Recreation Equipment Company, Playpower, Inc. and Cameron Holdings Corporation, Defendants.**

**No. 22842.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 2004.

Decided April 21, 2004.

---

Jon J. LaFleur of LaFleur, LaFleur and LaFleur, Rapid City, South Dakota, Attorneys for plaintiff and appellant.

Thomas E. Brady of Brady & Pluimer, Spearfish, South Dakota, Attorneys for defendants and appellees.

MEIERHENRY, Justice.

[¶ 1.] The trial court granted City of Spearfish and Keith Hepper's motion for summary judgment. The trial court found that Dawn Hedel–Ostrowski's (Hedel–Ostrowski) negligence claim against the City

and the negligence and nuisance claims against Hepper were barred by the statute of limitations. The trial court further dismissed Hedel–Ostrowski's nuisance claim against the City. We affirm.

## FACTS

[¶ 2.] Hedel–Ostrowski accompanied her two children to a Spearfish city park on September 18, 1999. Hedel–Ostrowski fell when the swing she was using broke. The fall caused nerve damage in her lower leg. She retained counsel and timely submitted a claim against the City of Spearfish for her injuries. The City denied her claim. Subsequently, she was referred to another attorney who failed to pursue her claim in court.[1] She then retained a third attorney who commenced an action on her behalf during September 2002. The complaint named the City, Miracle Recreation Company, Playpower, Inc., and Cameron Holdings Corp. as defendants.

[¶ 3.] Hedel–Ostrowski filed a Motion to Amend Complaint on November 7, 2002 to add Keith Hepper (Hepper), head of Spearfish Parks and Recreation, as a defendant. The Amended Complaint also added a claim for nuisance against the City in addition to her initial negligence claim. The City filed a Motion for Summary Judgment claiming the negligence action was barred by SDCL 9–24–5 which requires commencement of an action against a municipality within two years of the occurrence. The City also filed a Motion for Summary Judgment claiming that the negligence action against Hepper was barred by the three year statute of limitations in SDCL 15–2–14(3) and that the nuisance action against the City should be dismissed for failure to state a claim. The trial court granted Hedel–Ostrowski's Motion to amend. The trial court, however, granted summary judgment to the City and Hepper dismissing the negligence and nuisance claims.

## ISSUES

1. Whether the trial court erred in granting summary judgment to Hepper based on a statute of limitations defense.

2. Whether the trial court erred in granting summary judgment to Hepper and the City on the nuisance cause of action.

## STANDARD OF REVIEW

[¶ 4.] We review a summary judgment as follows:

"Summary judgment is proper where, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. SDCL 15–6–56(c). We will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided. We view all reasonable inferences drawn from the facts in the light most favorable to the non-moving party. In addition, the moving party has the burden of clearly demonstrating an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law." *Luther v. City of Winner*, 2004 SD 1, ¶ 6, 674 N.W.2d 339, 343 (citing *Roden v. General Cas. Co. of Wisconsin*, 2003 SD 130, ¶ 5, 671 N.W.2d 622, 624). Statutory construction and interpretation present questions of law and are reviewed de novo. *State v. Schroeder*, 2004 SD 21, ¶ 5, 674 N.W.2d 827, 829.

---

1. The attorney to whom she was referred was temporarily suspended from practicing law approximately two years after agreeing to represent Hedel–Ostrowski.

## DECISION

**1. Whether the trial court erred in granting summary judgment to Hepper based on a statute of limitations defense.**

[¶ 5.] The trial court found Hedel–Ostrowski's claims against Hepper were untimely. The parties disagree which statute of limitations applies to the claim against Hepper. Hepper argues that the two-year statute of limitations in SDCL 9–24–5 applies because he was an employee of the City.[2] Hedel–Ostrowski argues that the statute does not apply to individual employees and asserts that the three-year statute of limitations in SDCL 15–2–14 applies.[3] The trial court found that even if the three-year statute of limitations were applicable, Hedel–Ostrowski's claims were untimely, thus barring suit against Hepper. The trial court determined that the only way that Hedel–Ostrowski's claim against Hepper could be resurrected was by allowing the amended complaint to relate back to the date of the original complaint pursuant to SDCL 15–6–15(c). The trial court, however, determined that the requirements of SDCL 15–6–15(c) were not met because there was no showing of mistake or question of identity of the proper party to sue. The trial court did not err in this analysis.

[¶ 6.] The chronology of events starts with the injury on September 18, 1999. The date the statute of limitations expired against the City under SDCL 9–24–5 was September 18, 2001. Almost a year after the statute had run on September 12, 2002, Hedel–Ostrowski filed suit against the City. The three year statute of limitations under SDCL 15–2–14(3) expired on September 18, 2002. On November 7, 2002, Hedel–Ostrowski moved to amend the complaint to add Hepper as a party and to add the nuisance claim against the City. Hepper was not served with the Summons and Amended Complaint until February 21, 2003.

[¶ 7.] Hedel–Ostrowski asserts that her claims against Hepper should be allowed under SDCL 15–6–15(a) and (c)[4] because

---

**2.** SDCL 9–24–5 provides: "Any action for recovery of damages for personal injury or death caused by the negligence of a municipality must be commenced within two years from the occurrence of the accident causing the injury or death.

**3.** SDCL 15–2–14(3) provides in part: "Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within three years after the cause of action shall have accrued:

. . .

(3) An action for personal injury."

**4.** SDCL 15–6–15(a) provides: A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has neither been placed upon the trial calendar, nor an order made setting a date for trial, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

SDCL 15–6–15(c) provides: Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment

(1) has received such notice of the institution of the action that he will not be preju-

they "relate back" to the date of her original pleading dated September 12, 2002, thereby tolling the statute of limitations. In determining if an amendment to a complaint relates back under Rule 15(c), we rely on a three-prong analysis. We recently outlined the requirements:

> (1) the claim asserted in the amended complaint 'arose out of the conduct, transaction, or occurrence set forth ... in the original pleading';
>
> (2) the new defendant 'has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits'; and
>
> (3) the new defendant 'knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.'

*Sjoland v. Carter*, 2003 SD 66, ¶ 12, 664 N.W.2d 48, 52 (citing to SDCL 15–6–15(c)). The parties agree that requirements one and two were met. They disagree on whether the third requirement was met. The trial court found that because Hedel–Ostrowski did not omit Hepper as a party because of "a mistake concerning [his] identity [as a] proper party," the requirements of SDCL 15-6–15(c) were not satisfied.

[¶ 8.] Generally an amended pleading naming a new party in a lawsuit does not relate back under Rule 15(c). In *Moore v. Michelin Tire Co. Inc.*, 1999 SD 152, 603 N.W.2d 513, this Court affirmed the trial court's finding that "SDCL 15-6-

15(c) does not allow for adding new parties to a pending action after the statute of limitation has expired." *Id.* at ¶ 22. In *Moore*, the plaintiffs had named some defendants but used John Doe pleadings for another. It was not until after the statute of limitations had run that they attempted to substitute the name of the party for John Doe. We said, " 'for all practical purposes all defendants specifically unnamed are not yet parties to a suit and, if added later, are considered new parties to the litigation. Therefore, amendments to a complaint that add new parties do not relate back.' " *Id.* at ¶ 27 (quoting *Thomas v. Process Equipment Corp.*, 154 Mich. App. 78, 397 N.W.2d 224, 226 (1986)). In the present case, Hedel–Ostrowski did not use John Doe pleadings.

[¶ 9.] Relation back was also denied in *McCloud v. Andersen*, 485 N.W.2d 799 (S.D.1992). In that case, the plaintiff failed to name the defendant's insurer before the statute of limitations expired. The plaintiff knew the insurer's identity prior to the running of the statute of limitations. This Court determined that the plaintiff had "simply ignored or failed to respond in a reasonable fashion to notice that State Farm was a potential defendant." *Id.* at 802. We held that "Rule 15(c) should not be applied to assist [plaintiff's] lack of diligence." *Id.*

[¶ 10.] Hedel–Ostrowski argues that because Hepper admitted he had notice of the suit before the statute of limitations ran, Rule 15 applies.[5] Whether Hepper

---

diced in maintaining his defense on the merits, and

(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

5. The original complaint made the following allegations generally including the City's employees:

It was the duty of the Defendant, City of Spearfish and its employees and servants, to install reasonably safe recreational equipment at the park and to maintain said equipment in a reasonably safe condition so that any person using the same would be protected from injury.

The Amended Complaint merely inserted the name of Keith Hepper as follows: "It was the duty of the Defendants, Keith Hepper and

had notice is, however, only part of the requirement. The party must have known that "but for a mistake concerning [his] identity, the action would have been brought against him." Hedel–Ostrowski attempts to use the relate back rule to add a defendant who she simply failed to identify as a potential defendant before the running of the statute of limitations. In *McCloud* we said, "Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation." *Id.* at 801 (quoting *Kilkenny v. Arco Marine, Inc.,* 800 F.2d 853, 857 (9thCir.1986)).

[¶ 11.] Hedel–Ostrowski claims that adding Hepper as a party should be allowed because he was omitted as a party because of a mistake. She relies on a West Virginia case which allowed relation back because of a mistake of law. *Brooks v. Isinghood,* 213 W.Va. 675, 584 S.E.2d 531 (2003). In *Brooks,* the plaintiff's complaint alleged "that the City, through certain employees acting within the scope of their employment with the City, acted recklessly and in willful disregard of the safety of Mr. Brooks." *Id.* at 536. The plaintiff, however, had omitted naming individual employees as defendants. Plaintiff's attorney claimed a mistake of law based on the language of W.Va.Code, 29–12A–1 to –18.[6] He "believed he could not name the individual employees." *Id.* In contrast, Hedel–Ostrowski makes no assertion that she believed that she was not lawfully able to name Hepper in her original complaint. Nor does Hedel–Ostrow-

ski's attorney point to any statutory language that led him to believe Hepper could not be named. Hedel–Ostrowski has failed to make a sufficient showing under Rule 15(c) for the claims against Hepper to relate back to the original pleading. The trial court did not err in concluding that the claims against Hepper were barred by the statute of limitations. In light of our ruling, we need not address whether the two or three year statute of limitations applies since both had expired.

2. Whether the trial court erred in granting summary judgment to Hepper and the City on the nuisance cause of action.

[¶ 12.] Next, turning to the nuisance cause of action against the City, we must determine if the trial court erred in ruling that an action for nuisance could not be maintained. Hedel–Ostrowski claims that placing a swing that had a weight limitation in the park, without also conspicuously posting a warning about the weight restriction, created a public nuisance and meets the definition of nuisance in SDCL 21–10–1. The statute provides in relevant part:

> A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:
>
> (1) Annoys, injures, or endangers the comfort, repose, health, or safety of others[.]

*Id.*

[¶ 13.] The trial court found that the facts as alleged do not give rise to a nuisance claim because the City maintained the swing under statutory authority.

City of Spearfish and its employees and servant, ..."

**6.** The relevant part of the West Virginia Code is: (b) Suits instituted pursuant to the provisions of this article shall name as defendant the political subdivision against which liabili-

ty is sought to be established. *In no instance may an employee of political subdivision acting within the scope of his employment be named as defendant.* WVaCode 29–12A–13(b) (1986) (emphasis added).

South Dakota law specifically exempts statutorily authorized actions or maintenance from being considered a nuisance. SDCL 21–10–2. The statute provides: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." *Id.* The City is authorized to "establish, improve, maintain, and regulate public parks, public squares, parkways, boulevards, swimming pools, camping, and other facilities in connection therewith within or without the municipality, ..." SDCL 9–38–1. It is this authority under which the City established and maintained the swing of which Hedel–Ostrowski complains. The trial court reasoned that because the park was authorized by statute that neither the park nor its equipment could be deemed a nuisance. We agree. The legislature exempts from the definition of nuisance those things done or maintained under statutory authority. We determined in *Kuper v. Lincoln–Union Elec. Co.*, 1996 SD 145, 557 N.W.2d 748 (1996) that the statute applied to a rural electric cooperative. In *Kuper*, a nuisance action against the cooperative for stray voltage was not allowed. 1996 SD 145, 557 N.W.2d 748. Justice Konenkamp writing for the majority stated,

> In granting an exemption from nuisance actions to statutorily authorized activities, our legislature obviously adopted a public policy that private interests must endure some inconvenience for the general populace to receive the benefits of utilities. Other jurisdictions have also recognized that utilities and businesses of a public nature and having legislative sanction should not be declared nuisances. See cases cited in E.E. Woods, Annotation, Electric Generating Plant or Transformer, 4 A.L.R.3d 902, 910 (1965)(citing cases holding public utility under legislative authority not liable for nuisance, absent negligence in the manner of operation). *See*, e.g., *State of Mo.*

*Ex. Rel. Ashcroft v. Dept. of the Army*, 672 F.2d 1297, 1304 (8thCir.1982)(applying Missouri law operation of dam not public nuisance because it was authorized by law); *Georgia R.R. Banking Co. v. Maddox*, 116 Ga. 64, 42 S.E. 315 (1902)(holding ordinary and necessary concomitants to operating railroad terminal authorized by specific grant of legislative franchise not nuisance). Accord Restatement (Second) of Torts § 821B cmt. f (1977).

The same reasoning applies to a city park. The legislature authorized cities to establish public parks for the benefit of the public. Swings and playground equipment are "facilities in connection therewith." SDCL 9–38–1. Although some of the general public may perceive the park as a nuisance, the law disallows a cause of action based on nuisance. The trial court did not err in concluding that the cause of action for public nuisance against the City should be dismissed.

[¶ 14.] We affirm.

[¶ 15.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.