## J. F. ANDERSON LUMBER COMPANY, Respondent, v. DAVIS, Director General of Railroads, Appellant.

### (212 N. W. 917.)

(File No. 5940.   Opinion filed April 1, 1927.)

1. **Carriers—Claims Against Federal Railroad Administration for Excess Freight Payments, Not Presented Within Two Years After Shipment, Held Barred by Limitation Statutes (Interstate Commerce Act, § 16, as Amended by Act Cong. June 29, 1906 [U. S. Comp. St. § 8584]; Transportation Act 1920, § 206a [U. S. Comp. St. § 10071¼ cc]).**

   Claims for freight charges paid on coal which was never delivered, made against government railroad administration more than two years from the time the shipment was made held barred by Interstate Commerce Act, § 16, as amended by Act Cong. June 29, 1906 (U. S. Comp. St. § 8584), and also by Transportation Act 1920, § 206a (U. S. Comp. St. § 10071¼ cc), limiting time within which action for damages may be brought.

2. **Limitation of Actions—New Cause of Action Pleaded by Amendment Will Be Deemed Commenced as of Date of Amendment in Determining Bar of Limitations.**

   New claims independent of those originally declared upon in the complaint, if brought in the form of amendments, must be deemed to be new actions commenced as of the date of amendment, in deciding whether or not they are barred by limitations.

3. **Limitation of Actions—Claims Outlawed by Limitation Cannot Be Revived by Amendments of Another Cause of Action.**

   A claim outlawed by a statute of limitation cannot be revived merely by suing it under the guise of an amendment to a complaint in another action on a cause foreign to it.

4. **Carriers—Claims for Excess Freight Charges Held Barred by Bill of Lading Provision Limiting Time for Bringing Actions for Loss.**

   Bill of lading provision that suits for loss, damage, or delay should be instituted within two years after the delivery of property or after reasonable time for delivery had elapsed, held to bar action for excess freight charges after two years.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Carriers, Key-No. 202, Railroads, 33 Cyc. 45; **(2)** and **(3)** Limitation of actions, Key-No. 127(11), 37 C. J. Sec. 511; **(4)** Carriers, Key-No. 202, 10 C. J. Sec. 714 (Anno.).

1, 2)   As to relation back of amended pleadings to statute of limitation, see annotation in 3 L. R. A. (N. S.) 268; 17 R. C. L. 816.

Appeal from Circuit Court, Butte County; Hon. James Mc-Nenny, Judge.

Action by the J. F. Anderson Lumber Company against James C. Davis, Director General of Railroads, as agent for the Chicago & Northwestern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed with directions.

*A. K. Gardner,* of Huron, and *L. M. Simons,* of Belle Fourche, for Appellant.

*W. D. Buchholz,* of Newell, and *J. W. Malvin,* of Belle Fourche, for Respondent.

BURCH, J. This action was commenced February 28, 1922, in justice court. On appeal to the circuit court it was tried without a jury and resulted in findings and judgment in favor of plaintiff. Defendant appeals from the judgment.

The complaint pleads three causes of action, each cause of action being for loss of coal in separate shipments. The first cause of action alleges that coal was shipped on August 28, 1918, and that 6,770 pounds were lost, and thereby plaintiff was damaged in the sum of $33.26; the second cause of action was for loss of 4,090 pounds of coal shipped August 16, 1918, damages claimed $20.10; and the third cause of action was for loss of 7,630 pounds of coal shipped August 17, 1918, damages claimed $37.50. Each shipment was from Rock Springs, Wyo., to Newell, S. D., and each composed a carload of coal, and for each a bill of lading was issued. In each bill of lading the amount of coal was designated, and the amount claimed to have been lost was the difference in weight between that receipted for and that delivered. Each bill of lading contained this provision:

"Suits for loss, damage or delay shall be instituted only within two years and one day after the delivery of the property or in case of failure to make delivery then within two years and one day after a reasonable time for delivery has elapsed."

The answer to the original complaint pleaded that the action was barred by the above-quoted provision of the bill of lading because not commenced within two years and one day after the cause of action arose. On April 23, 1924, over the objection of defendant, the complaint was amended whereby six causes of action were pleaded instead of three, as in the original complaint;

each cause of action in the original complaint being divided into two causes of action. One for the loss of coal in the number of pounds named in the original complaint but with a smaller claim for damage, and the difference between the amount claimed as damage for loss of coal in the original complaint and that claimed in the amended complaint, was set out in a separate cause of action as an overcharge of freight for which defendant was liable as for money had and received. In each instance the amount claimed in the two causes of action into which the original cause had been divided was the same as that claimed in the one cause of action, in the first instance.

The answer to the amended complaint pleaded, as a bar to the causes of action for loss of coal, the provisions of the bills of lading above quoted, and as a bar to the causes of action for the recovery of freight charges the statute of limitations provided in section 16 of the Interstate Commerce Act (U. S. Comp. St. § 8584). The trial court decided in favor of defendant on the causes of action for loss of coal and against the defendant on the causes of action for the recovery of freight charges.

Appellant's principal contention is that the action as to freight charges was barred by lapse of time under the provisions of the bills of lading, if based thereon, if not then they were barred under section 16 of the Interstate Commerce Act. Appellant argues that the right of the plaintiff to recover in this action must be based upon the contracts embodied in the bills of lading and a breach thereof, and that the right to recover the freight charges paid was only incidental to the right to recover for the loss of coal.

It is clear that the action was not commenced within the time limited by the bills of lading. Three years and six months elapsed between the date of the last shipment and the commencement of the action. The shipment was in interstate commerce. The provision of a bill of lading, as above quoted, when applied to such shipments has been upheld as a valid limitation. Ellis v. Davis, 260 U. S. 682, 43 S. Ct. 243, 67 L. ed. 460; Ellis v. Payne (D. C.) 274 F. 443; M. K. & T. R. Co. v. Harriman, 227 U. S. 657, 33 S. Ct. 397, 57 L. ed. 690. And respondent does not dispute the validity of such provision. If then the causes of action for freight charges are based upon the bills of lading, appellant's plea is a good defense.

As originally pleaded, they were unquestionably based on such contracts. Did the amendment change the character of the claims? While the record does not show the basis for computing the damages, I think we are justified in assuming that in the original complaint they were computed on the value of the coal at Newell and in the amended complaint on the value of the coal at Rock Springs, and the differences resulting from such computations were then set out in the amended complaint as separate causes of action for excess freight charges. In either complaint the causes of action for loss of coal are concededly barred by provisions of the bills of lading. If those causes of action based on freight charges are to be considered as actions to recover freight paid for transporting the lost coal, then they are based on the contracts being payments upon unperformed contract and must meet the same fate. It would seem that to so consider such claims would be the only basis on which a right of amendment could be claimed.

[1] But respondent contends that such actions are in all respects similar to actions to recover freight paid in excess of tariff rates. Appellant answers this contention by saying that if it be true that the actions are to recover freight in excess of tariff rates, they are new actions, not commenced until brought in by amendment on April 23, 1924, and therefore barred by section 16 of the Interstate Commerce Act. 34 Stat. at L. 584, 590 (U. S. Comp. St. § 8584), limiting the time for the commencement of such action to two years from the time the cause of action accrues, and by section 206 (a) of the Transportation Act of 1920, 41 Stat. at L. 456, 461 (U. S. Comp. St. § 10071¼cc), limiting the time for the commencing of actions, against the agent of the government, to two years after the passage of the act, namely, February 28, 1920.

Although the language of section 16 of the Commerce Act may seem to apply only to actions before the Interstate Commerce Commission, because of the requirements of uniformity, it has been held to apply to actions before the courts as well as the commission. In Philips Co. v. Grand Trunk Western Ry. Co., 236 U. S. 662, 667, 35 S. Ct. 444, 446 (59 L. ed. 774) it is said:

"Under such a statute the lapse of time not only bars the remedy but destroys the liability (Finn v. United States, 123 U. S. 227, 232 [8 S. Ct. 82, 31 L. ed. 128], whether complaint is filed

with the commission or suit is brought in a court of competent jurisdiction. * * * To have one period of limitation where the complaint is filed before the commission and the varying periods of limitation of the different states, where a suit was brought in a court of competent jurisdiction; or to permit a railroad company to plead the statute of limitations as against some and to waive it as against others would be to prefer some and discriminate against others in violation of the terms of the Commerce Act which forbids all devices by which such results may be accomplished."

And it was therein held that the railroad company is bound to claim the benefit of the statute. See, also, K. C. So. Ry. Co. v. Wolf et al, 261 U. S. 133, 43 S. Ct. 259, 67 L. ed. 571. Section 206 (a) of the Transportation Act of 1920, 41 Stat. at L. 461, is broader in its language and expressly applies to proceedings in court and limits the time in which actions may be commenced against the government agent to two years after the passage of the act.

Appellant is right if the actions are to be deemed commenced as of the date when the complaint was amended.

[2-4] As new claims independent of those originally declared upon, they could not properly be brought in by amendment. If such claims are brought before the court in that manner, over objection of defendant, the action as to them must be deemed to have been commenced when they are first presented to the court for adjudication. An outlawed claim cannot be revived by the simple expedient of suing it under the guise of an amendment to a complaint in another action on a cause foreign to it. C., B. & Q. Ry. Co. v. Jones, 149 Ill. 361, 37 N. E. 247, 24 L. R. A. 141, 41 Am. St. Rep. 278. We think the proper view is that the effect of the amendment was to permit a declaration upon the same causes of action in different counts, and that they are all based upon the written contracts and barred by the provisions of the bills of lading; but because of the position taken by respondents, we have considered the case from their standpoint.

In either view the claims are barred, and the judgment of the trial court must be and is reversed, with direction to dismiss the action.

CAMPBELL, P. J., and POLLEY, J., concur.

GATES and SHERWOOD, JJ., not sitting.