**David C. SENGER, Plaintiff,**

v.

**SOO LINE RAILROAD COMPANY, a corporation, Defendant.**

**Civ. No. 4–78–538.**

United States District Court,
D. Minnesota,
Fourth Division.

July 23, 1980.

James R. Bettenburg, Bertie, Bettenburg & Strong, St. Paul, Minn., for plaintiff.

Patrick J. McPartland, Minneapolis, Minn., for defendant.

## MEMORANDUM ORDER

RENNER, District Judge.

The above-captioned case comes before the Court pursuant to a motion by plaintiff for leave to amend his complaint together with a motion by the defendant for summary judgment on the same matter.

Based on the briefs and argument of counsel and the entire record herein, the Court issues the following memorandum order.

### I.

Plaintiff, David Senger, sues his employer, the Soo Line Railroad, under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, to redress personal injuries sustained while working as a section laborer at the Shoreham Yards at 28th and Central Avenue in Minneapolis, Minnesota. Plaintiff alleges two separate on-the-job injuries, the first occurring on or about June 11, 1975 "while lifting and moving an unusually heavy and restricted load." His original complaint, dated December 7, 1978, alleges that the second injury occurred on or about April 26, 1976 "while tightening bolts on switches, using heavy and undue exertion."

Two days before trial, plaintiff discovered that the second alleged injury occurred on February 26, 1976 and not on April 26, 1976 as originally alleged. On the morning of trial, plaintiff moved the Court for leave to amend his complaint as follows:

5. Thereafter, on or about February 26, 1976 again in the course and scope of his employment, plaintiff suffered another injury to his lower back while lifting a bolt machine off the track, using heavy and undue exertion. . . .

This motion is currently before the Court together with defendant's motion for summary judgment. Defendant asserts that plaintiff's proposed amendment seeks to assert a new cause of action and, therefore, is barred by the three year FELA statute of limitations.

### II.

Federal Rule of Civil Procedure 15, entitled Amended and Supplemental Pleadings, controls the disposition of this motion. Under Rule 15(a), a party may amend his pleading by leave of court and leave shall be freely given as justice so requires. The primary factor the court should consider in deciding whether to grant leave to amend is the potential for prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).

If the court exercises its discretion to grant leave to amend, a further issue is raised as to whether the amendment will relate back to the date of the original pleading for purposes of the statute of limitations. Rule 15(c) provides that

[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

To decide whether an amendment relates back, the primary focus of the court is on the notice given to the opposing party of the conduct asserted in the amendment.

Rule 15(c) is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitation than one who is informed of the precise legal description of the rights sought to be enforced. If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection that the state statute of limitations was designed to afford him. Being able to take advantage of plaintiff's pleading mistakes is not one of these protections. 3 Moore's Federal Practice § 15.15[2]. *See also, Snoqualmie Tribe of Indians v. United States*, 372 F.2d 951, 178 Ct.Cl. 570 (1967).

Professors Wright and Miller suggest that a proper inquiry is analogous to the determination of whether a counterclaim is compulsory; the court looks for a common core of operative facts between the two pleadings. The approach they suggest "is to determine whether the adverse party, viewed as a reasonably prudent man, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question." Wright and Miller, Federal Practice and Procedure: Civil § 1497.

Courts have uniformly denied the relation back of amendments that set forth new operative facts. Thus, an assault claim asserted in an amendment would not relate back to an original claim for breach of a promise to marry. *Griggs v. Farmer*, 430 F.2d 638 (4th Cir. 1970). Similarly, an amendment alleging negligence continuing from 1947 to 1954 would not relate back where the original complaint alleged only negligence in 1947. *Tessier v. United States*, 269 F.2d 305 (1st Cir. 1959).

The doctrine of relation back will apply when an amendment seeks to correct specific factual details or make more specific those facts already alleged. *Kelcey v. Tankers Co.*, 217 F.2d 541 (2nd Cir. 1954). In *Kelcey*, the plaintiff originally alleged that he was attacked in January of 1949 on the vessel Mission San Francisco. His amendment stated that the same injury occurred in April of 1948 on a different vessel. The court balanced the parties' relative ability to ascertain the true time and place of the assault with the actual harm to the defendant and allowed the amendment to relate back.

Finally, some cases suggest that the requisite notice of the amended allegations must be found in the previous pleadings. *Snoqualmie Tribe of Indians v. United States*, 372 F.2d 951, 960, 178 Ct.Cl. 570 (1967). The Court is of the opinion that notice received from outside the pleadings is sufficient since the opposing party prepares a case based on all forms of notification. This view is in accord with the court in *Kelcey, supra*.

### III.

The plaintiff's proposed amendment materially alters the original complaint in two respects. First, the plaintiff seeks to change the date of the second alleged injury from April 26, 1976 to February 26, 1976. Second, he seeks to change the cause of injury from "tightening bolts on switches" to "lifting a bolt machine off the track". The issue raised in this motion is whether the original and amended pleadings are so related that the defendant should have had cause to expect that some aspect of the originally pleaded claim might need alteration.

Leave is granted to amend plaintiff's allegation relating to the cause of injury. By the defendant's own admission, it has had notice for over a year that plaintiff intended to amend this portion of paragraph 5. It received this notice at a pretrial conference at which the magistrate granted leave to make this exact amendment. Based on this admission, the Court is of the opinion that

the defendant cannot now claim that it is prejudiced by its allowance.

The amendment and relation back of the date of injury present more difficult issue for the Court. It can be resolved by examining the notice given to the defendant, considering the prejudice to it if leave is granted to amend and determining the relative ability of the parties to previously ascertain the true date of injury.

The facts in this case show that the plaintiff is not attempting to add a new cause of action. Generally, plaintiff attempted to set forth allegations of an injury sustained in June of 1975 and a reinjury sustained early in the following year. The motion before the Court seeks only to change the pleading relating to the reinjury. It does not allege an added reinjury. Thus, the pleadings give fair notice that a reinjury occurred early in 1976.

The plaintiff did not lead the defendant to believe that the 26th of April was the only date on which the accident could have occurred. When asked if he was definite that the reinjury occurred on April 26, 1976, the plaintiff stated that the 26th was the date he remembered. This date was a logical choice because he began a disability leave on that date. Given the amount of time that had elapsed between the date of reinjury and the date of the complaint, it cannot be said that this was an unreasonable error for a person of plaintiff's faculties.

The defendant has documents in its possession that, at the very least, call into question the date of the accident. The letters from Dr. Wisen (plaintiff's exhibit 1–A) are more than just bills. In his letter of July 5, 1976, Dr. Wisen follows his itemization of services rendered with brief statements of his diagnosis, the disability and a prognosis. The letter is marked "D/A 2/26/76" and reads "Below find itemized bill for services rendered to David Senger for treatment of low back *injuries sustained on 2/26/76* while lifting at work" (emphasis supplied). The letter also contains references to nineteen treatments given on or before April 26, 1976. The other three let-

ters of Dr. Wisen similarly contain the notation "D/A 2/26/76" and state that the injuries were sustained on February 26, 1976.

The consideration of the parties' relative ability to ascertain the true date of injury, found in *Kelcey, supra,* is applicable here. The plaintiff relies primarily on his memory to ascertain the date of reinjury while the defendant has been in possession of several records informing it of the exact date of reinjury. The Court is also of the opinion that denial of plaintiff's motion would work an undue hardship on him.

Prejudice to the defendant by allowing the amendment is speculative. In its brief and argument, the defendant suggests that the high employee turnover in certain railroad functions will make necessary witnesses difficult to locate. While this could well be correct, the Court is of the opinion that the defendant has been in possession of documents providing the information necessary to avoid such prejudice.

## IV.

The Court is persuaded that the defendant has had adequate notice that plaintiff might move to amend his complaint. Particularly, the letters of Dr. Wisen suggest that whatever prejudice is visited upon the defendant, as a result of granting this leave to amend, could have been avoided by the defendant itself. Therefore, the amendment will be allowed and its provisions shall relate back to the date of the original complaint pursuant to Rule 15(c).

Upon the foregoing:

IT IS ORDERED that plaintiff's motion for leave to amend his complaint is granted and defendant's motion for summary judgment is denied.