#26631-rev & rem-JKK

**2013 S.D. 78**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

BARBARA WATERMAN,                    Claimant and Appellant,

    v.

MORNINGSIDE MANOR,                    Employer and Appellee,

    and

MHA INSURANCE COMPANY                 Insurer and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE WILLIAM J. SRSTKA, JR.
Retired Judge

\* \* \* \*

JOLENE R. NASSER
DEAN NASSER of
Nasser Law Office, PC
Sioux Falls, South Dakota                    Attorneys for claimant
                                             and appellant.


CHARLES A. LARSON
MEGHANN M. JOYCE of
Boyce, Greenfield, Pashby & Welk, LLP
Sioux Falls, South Dakota                    Attorneys for employer, insurer
                                             and appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 27, 2013

OPINION FILED **10/30/13**

#26631

KONENKAMP, Justice

[¶1.]       In this workers' compensation appeal, we determine, for statute of limitations purposes, whether an amended petition related back to the original petition.

## Background

[¶2.]       Barbara Waterman, a nurse, began working at Morningside Manor in June 2008. In November of that year, she injured her lower back while assisting a resident. She received medical treatment for her injury and returned to work with restrictions in December. On May 13, 2009, she was released from work restrictions. A month later, Morningside's insurance carrier sent Waterman a letter denying future benefits, stating:

> Based on the fact that you have returned to work without restrictions and you are done treating, plus the fact that Anne Zweifel, CNP, has assigned a 0% impairment rating and places you at MMI, you are entitled to no further benefits under workers' compensation for your claim that occurred on 11/09/08.
>
> If you disagree with this denial for further benefits, you have the right to file a petition for hearing with the Department of Labor within two years of the date on this letter. Absent such petition, your claim will be forever barred from coverage.

[¶3.]       Although Waterman returned to work without restrictions, she continued to experience intermittent pain and symptoms. But she found the pain manageable. Then, on October 3, 2010, her pain increased during an overnight shift when she and another employee performed a two-person lift of a resident. The pain, she believed, localized in her hip, but later included her lower back and radiated down her leg. She sought medical care.

[¶4.] On October 26, 2010, Waterman called Morningside's Director of Nursing, Stephanie Van Gelder, seeking advice on whether her care would be covered by workers' compensation. Van Gelder later testified that Waterman told her that Waterman's doctor said her pain was from an exacerbation of her 2008 injury. Van Gelder asked Waterman if she remembered a particular incident at work, to which Waterman replied that she could not. Van Gelder instructed Waterman to talk to the Administrator at Morningside, Desiree Duncan. Duncan later testified that Waterman told her that her injury was a "flare-up from 2008." When Duncan asked about a date, Waterman said, "Well, approximately three weeks ago." Duncan instructed Waterman to fill out a first report of injury form, which she did, reporting the date of injury as October 3, 2010.

[¶5.] Morningside's carrier denied Waterman's claim in November on the ground that she failed to give notice of her October 3, 2010 injury as required by SDCL 62-7-10. On December 27, 2010, Waterman petitioned the Department of Labor for benefits. She alleged that on "an overnight shift on October 3-4, 2010, . . . she suffered a low back injury . . . while performing a two-person lift of a patient." Dr. Ryan Schwiesow had been treating Waterman since before her November 2008 work injury. In his deposition, he testified that although Waterman returned to work after her November 2008 injury, her condition was not healed, but was merely asymptomatic, and that the October 2010 incident caused her asymptomatic November 2008 injury to become symptomatic.

[¶6.] In their depositions, Van Gelder and Duncan each explained that Waterman described her injury as one related to her 2008 injury. Both testified

that they asked Waterman if she could remember a date she was injured, confirming that Waterman had no specific date she could relate to her need for treatment in October 2010.

[¶7.]    The testimony from these depositions alerted counsel that Waterman's October 3, 2010 incident caused a recurrence of her 2008 injury, rather than a new injury. Accordingly, Waterman sought to amend her petition, and Morningside consented, but reserved all rights and defenses. On March 16, 2012, Waterman filed an amended petition alleging that during "an overnight shift beginning on the evening of Sunday, October 3, 2010, and ending the morning of Monday, October 4, 2010, [she] began experiencing an increase in her symptoms after performing a two-person lift of a patient." Waterman asserted that she "experienced a recurrence of her original compensable back injury" incurred in November 2008.

[¶8.]    Morningside moved for summary judgment asserting that the statute of limitations had run on claims from Waterman's 2008 injury. In particular, Morningside referred to its June 2009 denial letter indicating its intent to deny any future requests for benefits from this injury and that if Waterman disagreed she had two years to petition for benefits. Because Waterman filed her amended petition after June 2011, Morningside argued that Waterman's claim was time barred.

[¶9.]    Waterman responded that under SDCL 15-6-15(c) the claims in her amended petition related back to her original petition, which was filed before the expiration of the statute of limitations. Alternatively, Waterman argued that she had three years under SDCL 62-7-35.1, rather than two years under SDCL 62-7-35,

to petition for benefits because Morningside originally deemed Waterman's 2008 injury compensable. Lastly, Waterman asserted that, even if the statute of limitations expired after two years, she experienced a "change in condition" sufficient to reopen her 2008 claim under SDCL 62-7-33.

[¶10.]     In August 2012, the administrative law judge (ALJ) ruled that Waterman's claims in her amended petition did not relate back to her original petition. Under SDCL 15-6-15(c), when a claim "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Relying on dictionary.com and its definition of "occurrence," the ALJ reasoned that the alleged recurrence of the November 2008 injury did not arise out of the same incident or occurrence asserted in the original petition.

[¶11.]     The ALJ also rejected Waterman's contention that the three-year statute of limitations under SDCL 62-7-35.1 applied. Because Morningside's June 2009 letter informed Waterman that Morningside intended to deny all claims stemming from the November 2008 incident, the ALJ ruled that the letter constituted a notification from the employer sufficient to invoke the two-year statute of limitations under SDCL 62-7-35. Because the amended petition was filed more than two years after June 2009, Waterman's claim deriving from the 2008 injury was deemed time barred.

[¶12.]     In assessing whether Waterman experienced a change in condition sufficient to reopen her 2008 claim under SDCL 62-7-33, the ALJ used October 3, 2010, as the date Waterman allegedly experienced the change in condition. As

October 3, 2010, was before the statute of limitations expired in June 2011, Waterman could not rely on SDCL 62-7-33 to reopen an already open claim.

[¶13.] Because the ALJ concluded that the statute of limitations expired on claims from Waterman's 2008 injury and that her alleged "change in condition" occurred before the statute of limitations expired, the ALJ granted summary judgment to Morningside. The circuit court affirmed the ALJ's decision, and Waterman appeals. She contends that her amended petition relates back to the date of her original petition, the three-year statute of limitations in SDCL 62-7-35.1 applies, and SDCL 62-7-33 permits her to reopen her claim.

## Analysis and Decision

[¶14.] At issue here is whether the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" was sufficient to allow the claim in the amended pleading to relate back to the date of the original pleading. *See* SDCL 15-6-15(c). This presents a fully reviewable question of law. *Caldwell v. John Morrell & Co.*, 489 N.W.2d 353, 357 (S.D. 1992). Moreover, because the facts relevant to our inquiry are undisputed, whether SDCL 15-6-15(c) applies in this case is also reviewed de novo. *See Darling v. W. River Masonry, Inc.*, 2010 S.D. 4, ¶ 10, 777 N.W.2d 363, 366 (quoting *McNeil v. Superior Siding, Inc.*, 2009 S.D. 68, ¶ 6, 771 N.W.2d 345, 347).

[¶15.] Waterman argues that the ALJ interpreted the statutory language too restrictively, relying solely on the dictionary.com definition of "occurrence." Citing federal case law and secondary sources, Waterman maintains that the relation back rule applies because her amended petition seeks identical workers' compensation

benefits, based on the same employment relationship and same job duties, stemming from an already-determined compensable work-related injury, and Morningside knew that the October 2010 incident was related to her November 2008 injury. *See* Fed. R. Civ. P. 15(c), Advisory Committee Notes; 6A Charles Alan Wright et al., *Federal Practice & Procedure* § 1496 (3d ed. 2013); *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 580-81, 65 S. Ct. 421, 424-25, 89 L. Ed. 465 (1945); *Senger v. Soo Line R.R. Co.*, 493 F. Supp. 143, 145 (D. Minn. 1980).

[¶16.] In response, Morningside argues that the relation back rule cannot apply because Waterman's original and amended pleadings refer to different claims and assert different theories of recovery. The original petition claimed a *new* injury on October 3, 2010, while the amended petition claimed a *recurrence* of an injury in November 2008. Moreover, Morningside contends that it had no notice that Waterman's October 2010 incident was related to the November 2008 injury because Morningside "could not have been expected to understand, based on [Waterman's] passing comments made months earlier, that the November 2008 injury was the basis of her workers' compensation claim."

[¶17.] The relation back rule provides that a claim or defense in an amended pleading can relate back "to the date of the original pleading" if that claim or defense "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" SDCL 15-6-15(c). Although this Court has said that a claim does not relate back when the amended pleading raises a new and distinct theory of recovery or a different cause of action, we have not examined what is meant by "conduct, transaction, or occurrence" under SDCL 15-6-15(c). *See*

*Lewis v. Moorhead*, 522 N.W.2d 1, 6 (S.D. 1994) (citing 6A Charles Alan Wright et al., *Federal Practice & Procedure* § 1497 (3d ed. 1990)).  In fact, a review of this Court's past cases interpreting SDCL 15-6-15(c) reveals that we have predominately examined subsection (2), which applies to an amendment seeking to add a new party, not an amended claim.[1]

[¶18.]     The federal version of SDCL 15-6-15(c) is Fed. R. Civ. P. 15(c).  It is equivalent to our rule, and therefore, we can look to decisions from federal courts for analytical support.  *See Moore v. Michelin Tire Co.*, 1999 S.D. 152, ¶ 24, 603 N.W.2d 513, 520.  From our review of the relevant case law, it appears the relation back rule is remedial and should be liberally construed and applied.[2]  Underlying the rule is the view that "'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'"  *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers*, 309 F.3d 1051, 1052 (8th Cir. 2002) (citation omitted); *Senger*, 493 F. Supp. at 145

---

1.     *See Klutman v. Sioux Falls Storm*, 2009 S.D. 55, ¶ 15, 769 N.W.2d 440, 447 (amendment to add a new party); *Hedel-Ostrowski v. City of Spearfish*, 2004 S.D. 55, ¶ 8, 679 N.W.2d 491, 495 (same); *Sjoland v. Carter*, 2003 S.D. 66, ¶ 12, 664 N.W.2d 48, 52 (same); *Moore v. Michelin Tire Co.*, 1999 S.D. 152, ¶ 25, 603 N.W.2d 513, 521 (same); *McCloud v. Andersen*, 485 N.W.2d 799, 801 (S.D. 1992) (same).  *But see Lewis*, 522 N.W.2d at 6 (amended a claim, but statute not interpreted); *J.F. Anderson Lumber Co. v. Davis*, 51 S.D. 146, 212 N.W. 917, 918 (1927).

2.     *See Woods Exploration & Producing Co. v. Aluminum Co. of Am.*, 438 F.2d 1286, 1300 (5th Cir. 1971); *Murthy v. Abbott Labs.*, 847 F. Supp. 2d 958, 980 (S.D. Tex. 2012); *Love v. Rancocas Hosp.*, 270 F. Supp. 2d 576, 580 (D.N.J. 2003); *Fabbiano v. Demings*, 91 So. 3d 893, 895 (Fla. Dist. Ct. App. 2012); *Dever v. Simmons*, 684 N.E.2d 997, 1003 (Ill. App. Ct. 1997); 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1497 (3d ed. 2013).

(citing 6A Charles Alan Wright et al., *Federal Practice & Procedure* § 1497). Thus, when the opposing party, standing in the place of a reasonably prudent person, should have been able to anticipate or should have expected the original claim to be altered or expected that aspects of the occurrence set forth in the original pleading would be called into question, that party should not have the protection of the statute of limitations. *Senger*, 493 F. Supp. at 145; *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3, 104 S. Ct. 1723, 1725 n.3, 80 L. Ed. 2d 196 (1984); *United States v. Johnson*, 288 F.2d 40, 42 (5th Cir. 1961).

[¶19.] Although many courts consider the principal inquiry to be the opposing party's notice, equally important is whether the opposing party would be unduly prejudiced and whether the pleading arose from the same common core of operative facts or the same conduct, transaction, or occurrence. An amended pleading can relate back to the original pleading even when "there is a change in the precise legal description of the rights sought to be enforced, or a change in the legal theory upon which the action is brought." *Fabbiano,* 91 So. 3d at 895 (citation omitted). What is required, accordingly, is that the amended pleading be based on the same series of transactions or occurrences alleged in the original pleading. The *transactions* or *occurrences* are the facts well pleaded or the material operative facts, not the specific theory of recovery or asserted legal conclusions. Thus, a court must look to the conduct, transaction, or occurrence between the parties upon which the plaintiff attempted to enforce her claim and determine if the amendment shows the same general factual allegation as that alleged in the original petition.

[¶20.]    From our review of Waterman's original and amended petitions, the *factual allegation* in the original petition (Waterman experienced pain on October 3, 2010 performing a two-person lift in the course of her employment) is the same *factual allegation* asserted in her amended pleading (Waterman experienced pain on October 3, 2010 performing a two-person lift in the course of her employment). *Contra Banks v. BASF Corp.*, 1994 W.L. 901452 (Tenn.) (unreported). In both petitions, Waterman sought recovery of workers' compensation benefits from the incident on October 3, 2010, the circumstances describing the incident were the same, and she claimed that as a result of the lift she experienced pain in her back and hip.

[¶21.]    Nonetheless, Morningside emphasizes that Waterman's original petition made no mention of the November 2008 injury, and therefore, the amended petition set forth a new and distinct cause of action. The relation back rule, however, does not require the *cause of action* stated in an amended pleading to be identical to the cause of action in the original pleading. *See Fabbiano,* 91 So. 3d at 895. Because the facts in this case differ not in time or type, the amended claim arose out of the same conduct, transaction, or occurrence, although predicated on a different legal theory. *See, e.g., Mayle v. Felix*, 545 U.S. 644, 657, 125 S. Ct. 2562, 2571, 162 L. Ed. 2d 582 (2005).

[¶22.]    From the facts alleged in the original petition, Morningside was on notice that it must defend against a claim that an incident occurred at work on October 3, 2010, which incident created Waterman's condition and need for treatment. As one court explained, "'[t]his test does not require that the prior

complaint put the defendants on notice of new or additional legal theories that the plaintiffs seek to assert against the defendants, but it must inform the defendants of the facts that support those new claims.'" *See In re 360networks, Inc.*, 367 B.R. 428, 434 (Bankr. S.D.N.Y. 2007) (citation omitted). Morningside was not unduly prejudiced by the amendment. And we have repeatedly said that our workers' compensation laws are to be construed liberally in favor of the injured worker. *Orth v. Stoebner & Permann Constr., Inc.*, 2006 S.D. 99, ¶ 43, 724 N.W.2d 586, 596 (citation omitted).

[¶23.] Under South Dakota's Administrative Code, the participants in a contested workers' compensation case "may consider and take action on the . . . necessity or desirability of amendments to the pleadings[.]" ARSD 47:03:01:13(2). Here, after the parties began discovery, namely the depositions in June 2009, the true nature and extent of Waterman's injury on October 3, 2010, came to light. Waterman's expert testified that what occurred on October 3, 2010, was a recurrence of her November 2008 injury and not a new work-related injury. Morningside's representatives testified that Waterman described the incident as a "flare-up" of her 2008 injury. To not allow Waterman to proceed on a claim that all agree is a recurrence of her 2008 compensable work-related injury because Waterman failed to posture her request for relief in her original petition as a recurrence contravenes the spirit of our workers' compensation laws. *See, e.g., Silva v. Brown & Sharpe Mfg. Co.*, 524 A.2d 571, 573-74 (R.I. 1987). Therefore, we reverse and remand with direction that the ALJ allow Waterman's amended petition to relate back to the date of her original petition.

#26631

[¶24.]    In view of our decision, we need not address the remaining issues.

[¶25.]    Reversed and remanded.

[¶26.]    GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and

WILBUR, Justices, concur.

-11-