#28167-a-JMK

**2018 S.D. 12**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN RE: the Administration of the
LEE R. WINTERSTEEN
REVOCABLE TRUST AGREEMENT.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MARK E. SALTER
Judge

* * * *

ERIC R. KERKVLIET
DANA VAN BEEK PALMER of
Lynn Jackson Shultz & Lebrun, PC
Sioux Falls, South Dakota

Attorneys for petitioner and
appellant, Charlotte A.
Wintersteen.

JASON KW KRAUSE
MATTHEW J. ABEL of
Dorothy & Krause Law Firm, PC
Sioux Falls, South Dakota

Attorneys for respondents and
appellees, Trustees, and
First National Bank of Sioux
Falls.

* * * *

CONSIDERED ON BRIEFS ON
NOVEMBER 6, 2017

OPINION FILED **02/07/18**

#28167

KERN, Justice

[¶1.]        Charlotte A. Wintersteen (Charlotte), widow of Lee R. Wintersteen (Lee), filed a petition for court supervision of the Lee R. Wintersteen Revocable Trust Agreement (the Trust) on February 10, 2016, after learning she had been removed as a beneficiary in a subsequent amendment to the Trust.  The circuit court granted her petition and assumed supervision of the Trust pursuant to SDCL 21-22-9.  On September 20, 2016, Charlotte filed a motion to amend her petition to include a claim challenging the validity of the most recent amendment to the Trust.  After a hearing, the circuit court denied her request, concluding her amended petition would be futile because it was time-barred under SDCL 55-4-57(a)(1) as more than one year had passed since the date of Lee's death.  Charlotte appeals the denial of her motion to amend the original petition.  We affirm.

## Facts and Procedural History

[¶2.]        Charlotte married Lee on May 23, 2010.  Both had children from previous marriages and executed a prenuptial agreement prior to their marriage.  On May 3, 2011, Lee created a Trust, providing Charlotte with a lifetime income benefit of $2,000 a month upon Lee's death as well as a lump sum financial payment.

[¶3.]        However, Lee amended the Trust several times during his lifetime.  The Trust was first amended on March 1, 2012, removing Charlotte as a beneficiary.  Lee later reinstated Charlotte as a beneficiary by executing a second amendment to the Trust on November 22, 2013.  The second amendment provided Charlotte with benefits similar to those originally contemplated but increased

-1-

Charlotte's lifetime income benefit to $3,000 a month upon Lee's death. The Trust was amended a third and final time on March 5, 2014, again removing Charlotte as a beneficiary.

[¶4.] After executing the third amendment, Lee was evaluated by Dr. Timothy Hurley on May 15, 2014, to address problems with his memory. Dr. Hurley performed a mental examination on Lee and concluded he suffered from moderate dementia, which had progressed over the course of the preceding four years. During this examination, Lee indicated that he wanted his son Tom to handle his financial affairs, and he wanted Charlotte to handle his medical decisions. On April 13, 2015, Tom and Charlotte were appointed as Lee's conservator and guardian, respectively.

[¶5.] Lee passed away on May 26, 2015, and the Trust became irrevocable upon his death. While Charlotte was aware of the Trust and its subsequent first and second amendments, she claims that Lee never discussed the third amendment with her and that she first learned of its existence on September 21, 2015. On February 10, 2016, Charlotte filed a petition seeking court supervision of the Trust, alleging that "[c]ourt supervision [was] necessary to ensure proper administration of the Trust and to prevent any further irreparable damage to the Trust."[1]

[¶6.] The Trustees[2] opposed court supervision, and the circuit court set the

---

1. Charlotte alleged in her affidavit that she believed the third amendment was invalid, but she did not include this claim in the petition.

2. The Trustees are Lee's daughters, Betty Twiss and Cheryl Ferrie, along with First National Bank in Sioux Falls, South Dakota.

matter for hearing on April 11, 2016. At the hearing, the court inquired of Charlotte's counsel regarding the objective of the petition. Charlotte's counsel replied that she sought court supervision to obtain accounting obligations and an inventory from the Trust. While Charlotte's counsel admitted the existence of a potential claim challenging the validity of the third amendment, she explained that the value of the Trust's assets, once known, would inform Charlotte's decision about what course of action to pursue in the future. The circuit court found Charlotte was a "beneficiary" per SDCL 21-22-1(1)[3] and assumed supervision over the Trust pursuant to SDCL 21-22-9.[4]

[¶7.]     On September 20, 2016, Charlotte, having changed counsel, filed a motion to amend the petition to include a claim alleging the third amendment was

---

3.     This statute previously defined a beneficiary as "*any person in any manner interested in the trust*, including a creditor or claimant with any rights or claimed rights against the trust estate if the creditor or claimant demonstrates a previously asserted specific claim against the trust estate." SDCL 21-22-1(1) (2004 & Supp. 2016) (emphasis added). The 2017 Legislature, however, narrowed the definition of "Beneficiary" to include "*any person beneficially interested in the trust, as defined in subdivision 55-1-24(1) or who has a direct financial interest in the trust . . . .*" 2017 S.D. Sess. Laws ch. 204, § 23 (effective July 1, 2017) (emphasis added).

4.     SDCL 21-22-9 provides in relevant part:

> Any fiduciary, trustor, or beneficiary of any other trust may, . . . at any time petition the circuit court, . . . to exercise supervision. Upon the petition being filed, the court shall fix a time and place for a hearing thereon, unless notice and a hearing are waived in writing by all fiduciaries and beneficiaries, and notice shall be given as provided pursuant to this chapter, and, upon such hearing, enter an order assuming supervision unless good cause to the contrary is shown. . . . The court shall make such order approving the relief requested by the petition, give such directions to a fiduciary as the court shall determine, or resolve objections filed by an interested party pursuant to § 21-22-16.

invalid. The proposed claim alleged that Lee lacked the capacity to execute the third amendment and that he was unduly influenced. The circuit court held a hearing on Charlotte's motion to amend on November 29, 2016. The Trustees opposed Charlotte's motion, arguing that the amended claim was time-barred under SDCL 55-4-57(a)(1). In response, Charlotte's counsel alleged that SDCL 21-22-13 permitted an amendment to a petition at any time during court supervision of a trust. In the alternative, Charlotte argued that even if SDCL 55-4-57 controlled, the amended petition was not time-barred because she contested the validity of the third amendment in her original petition and the affidavit filed in support thereof—allowing her amended claim to relate back to the filing of the original petition.

[¶8.]        The circuit court issued a memorandum opinion and order on February 14, 2017, denying Charlotte's proposed amendment as futile. The court, applying SDCL 55-4-57(a)(1) to Charlotte's claim, held that because she did not commence a judicial proceeding to contest the validity of the third amendment within the required one-year period from Lee's death, her claim was now time-barred. Additionally, the court found that SDCL 55-4-57(a)(1) is a statute of repose, which prohibits the relation-back doctrine from applying to Charlotte's proposed amendment.

[¶9.]        Charlotte appeals, asserting the following issues:[5]

> 1.    Whether the circuit court erred in concluding SDCL 55-4-57 applied to Charlotte's proposed claim.

---

5.    Charlotte's issues involve questions of statutory interpretation, which we review de novo. *In re Estate of Flaws*, 2016 S.D. 61, ¶ 12, 885 N.W.2d 580, 583.

2. Whether the circuit court erred in concluding a "judicial proceeding" challenging the validity of the third amendment was not timely commenced.

3. Whether the circuit court erred in holding that SDCL 55-4-57(a)(1) is a statute of repose.

4. Whether the circuit court erred in concluding the relation-back doctrine is not applicable to SDCL 55-4-57(a)(1).

## Analysis and Decision

[¶10.]   *1.   Whether the circuit court erred in concluding SDCL 55-4-57 applied to Charlotte's proposed claim.*

[¶11.]   Charlotte first contends that the limitation period set forth in SDCL 55-4-57(a)(1) is inapplicable to her proposed claim because the circuit court assumed supervision of the Trust under SDCL 21-22-9. Charlotte's argument is premised on SDCL 21-22-31, which states that "[a] proceeding brought pursuant to this chapter is considered an action for purposes of title 15. . . ." SDCL 15-6-15(a) provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Thus, in Charlotte's view, her claim challenging the validity of the third amendment could be filed at any time under the unlimited time frame found in SDCL 21-22-13. However, a court "may appropriately deny leave to amend 'where there are compelling reasons such as . . . futility of the amendment,' even when doing so will necessarily prevent resolution on the merits." *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 963 (8th Cir. 2015) (quoting *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013)); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

[¶12.]    Whether SDCL 21-22-13 or SDCL 55-4-57 governs Charlotte's proposed claim is a matter of statutory interpretation.[6] "[W]hen the question is which of two enactments the legislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute." *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611 (quoting *Moss v. Guttormson*, 1996 S.D. 76, ¶ 10, 551 N.W.2d 14, 17). As such, "we begin with the plain language and structure of the statute." *Pitt-Hart v. Sanford USD Med. Ctr.*, 2016 S.D. 33, ¶ 10, 878 N.W.2d 406, 410 (quoting *Magellan Pipeline Co., LP v. S.D. Dep't of Revenue & Regulation*, 2013 S.D. 68, ¶ 9, 837 N.W.2d 402, 404). "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *Larson v. Krebs*, 2017 S.D. 39, ¶ 18, 898 N.W.2d 10, 17. "When we must, however, resort to statutory construction, the intent of the legislature is derived from the plain, ordinary and popular meaning of the statutory language." *R.B.O. v. Congregation of Priests of Sacred Heart, Inc.*, 2011 S.D. 87, ¶ 22, 806 N.W.2d 907, 914 (quoting *State Auto Ins. Cos. v. B.N.C.*, 2005 S.D. 89, ¶ 18, 702 N.W.2d 379, 386).

[¶13.]    SDCL 21-22-13 provides in relevant part:

> The trustor, a fiduciary, or a beneficiary of any trust under court supervision *may at any time* petition the court for its action as to *any matter relevant to the administration of the trust*, including particularly the requiring of special reports from a fiduciary, the exercise of any discretion vested in a fiduciary, and as to any

---

6.    The parties acknowledge that if SDCL 55-4-57(a)(1) applies, the time for bringing Charlotte's claim would be one year after Lee's death.

> matter as to which courts of equity have heretofore exercised jurisdiction over fiduciaries.

(Emphasis added.) While Charlotte points to the emphasized language above to support her claim that she could challenge the validity of the third amendment at any time, a plain reading of the statute focuses our inquiry on whether Charlotte's proposed claim was a "matter relevant to the administration of the trust." *See* SDCL 21-22-13.

[¶14.] Although the Legislature has not defined *administration* in the context of trusts, the "[w]ords used in the South Dakota Codified Laws are to be understood in their ordinary sense." *Pitt-Hart*, 2016 S.D. 33, ¶ 10, 878 N.W.2d at 410 (quoting SDCL 2-14-1). *Administration* means "[t]he management and disposal of a trust or estate." *The Am. Heritage Coll. Dictionary* 17 (3d ed. 1997). Indeed, the administration of a trust relates directly to the powers and duties of the trustee to carry out the terms and purposes of a trust, with respect to the trustee's fiduciary obligations. *See* Restatement (Third) of Trusts § 70 gen. cmt. a (2007). Thus, SDCL 21-22-13 allows petitions for court supervision on matters relevant to the management and disposal of trust assets that involve the trustees duties in carrying out the trust's purpose, as evidenced by the examples provided within SDCL 21-22-13—i.e., "the requiring of special reports from a fiduciary, [and] the exercise of any discretion vested in a fiduciary."

[¶15.] But Charlotte's proposed claim is focused on challenging the validity of the third amendment. It does not involve matters relevant to the management and disposal of the Trust as envisioned by SDCL 21-22-13. Even if SDCL 21-22-13 did apply, "[t]he rules of statutory construction dictate that 'statutes of specific

application take precedence over statutes of general application.'" *In re Estate of Hamilton*, 2012 S.D. 34, ¶ 12, 814 N.W.3d 141, 144 (quoting *Schafer v. Deuel Cty. Bd. of Comm'rs*, 2016 S.D. 106, ¶ 10, 725 N.W.2d 241, 245). As SDCL 21-22-13 is a general provision authorizing the filing of a petition, at any time, to raise issues regarding trust administration, the time limitation found in SDCL 55-4-57 is more specific in this instance.[7]

[¶16.]      SDCL 55-4-57 provides in part:

> (a) A judicial proceeding to contest whether a revocable trust or any amendment thereto, or an irrevocable trust was validly created may not be commenced later than the first to occur of:
>
> (1) One year after the settlor's death . . . .

Here, Charlotte's attempt to amend her original petition to challenge the validity of the third amendment falls directly within the provisions of SDCL 55-4-57(a)(1). The claims in her proposed amendment allege that Lee was unduly influenced in executing the third amendment to the Trust and that he lacked the capacity to create it. "Because lack of capacity and undue influence negate the valid creation of trusts, SDCL 55-4-57(a) applies to such claims." *In re Elizabeth A. Briggs Revocable Living Tr.*, 2017 S.D. 40, ¶ 10, 898 N.W.2d 465, 470. To hold otherwise would permit claimants to contest the validity of a trust at any time during court supervision. *See, e.g., In re Tr. Fund created under terms of Last Will & Testament of Baumgart*, 2015 S.D. 65, ¶ 4, 868 N.W.2d 568, 570 (involving a trust under court

---

7.      While Charlotte argues that when the time limitations in two statutes conflict, we are to apply the statute with the longer period, "this Court has held that this rule does not apply when the two statutes can be harmonized." *Peterson, ex rel. Peterson v. Burns*, 2001 S.D. 126, ¶ 31, 635 N.W.2d 556, 568.

supervision for 35 years). This would subvert the purpose of SDCL 55-4-57(a), which "is to facilitate the expeditious administration of trusts by limiting the time period to commence a trust contest" following a settlor's death.[8] *Briggs*, 2017 S.D. 40, ¶ 13, 898 N.W.2d at 470. Charlotte's proposed amendment is governed by the more specific of the two applicable statues—SDCL 55-4-57(a)(1)—and the public policy rationale it supports.

[¶17.]    2.    *Whether the circuit court erred in concluding a "judicial proceeding" challenging the validity of the third amendment was not timely commenced.*

[¶18.]    Charlotte argues that even if SDCL 55-4-57(a)(1) applies, she commenced a "judicial proceeding" for the purpose of challenging the validity of the third amendment within the required time limitation. We disagree.

[¶19.]    SDCL 55-4-57(a) requires claimants contesting the validity of a trust to commence "[a] judicial proceeding" within the time prescribed before any such claim can be adjudicated. We have previously defined *judicial proceeding* as:

> Any proceeding wherein judicial action is invoked and taken. Any proceeding to obtain such remedy as the law allows. . . . A general term for proceedings relating to, practiced in, or proceeding from, a court of justice. . . . A proceeding wherein there are parties, who have opportunity to be heard, and wherein the tribunal proceeds either to a determination of facts upon evidence or of law upon proved or conceded facts.

---

8.    Our holding in this case does not preclude a litigant from bringing a claim challenging the validity of a trust or amendment within a petition seeking court supervision; however, such claims must be brought within the time limitations of SDCL 55-4-57. *See Citibank, N.A. v. S.D. Dep't of Revenue*, 2015 S.D. 67, ¶ 19, 868 N.W.2d 381, 390 ("[A] court should construe multiple statutes covering the same subject matter in such a way as to give effect to all of the statutes if possible.").

*Specialty Mills, Inc. v. Citizens State Bank*, 1997 S.D. 7, ¶ 10, 558 N.W.2d 617, 621

(quoting *Black's Law Dictionary* 848 (6th ed. 1990)). Both Charlotte and the

Trustees agree that the hearing on April 11, 2016, involving Charlotte's original

petition, was a judicial proceeding; however, the parties dispute whether the

purpose of the hearing was to contest the validity of the third amendment.

[¶20.]     Upon review of the record, it is apparent that Charlotte's objective in

filing the petition was to persuade the court to assume supervision of the Trust, not

to contest its validity. The responses elicited from Charlotte's counsel during the

hearing establish as much:

> **Circuit Court**: . . . There may well be some other issues
> around the edges of the case, and I think [Trustees' counsel]
> seems to suggest that, but I think we're here on a fairly narrow
> and fairly discrete issue. Do you disagree . . . ?
>
> **Charlotte's Counsel**: No, your Honor. We specifically just
> requested in our petition to the Court for court supervision. We
> have not requested any further action or any consideration of
> other relevant trust matter.
>
> . . .
>
> **Circuit Court**: . . . What instructions are you looking for
> beyond initially the accounting and the inventory under 21-22-
> 3? I don't really understand that.
>
> **Charlotte's Counsel**: Your Honor, it'd be premature for us to
> tell you. I mean, for instance, if all of a sudden we get asset
> information back on the inventory saying that there's hardly
> anything there, we wouldn't pursue anything. . . .
> . . .
>
> **Circuit Court**: . . . What I want to know though is what – help
> me understand what this could possibly look like. I mean, is
> this – is this going toward a challenge for Mr. Wintersteen's
> capacity? Is there potential for what could be brought up under
> court supervision?
>
> **Charlotte's Counsel**: Potentially that could be it. Again, we
> can't advise Ms. Wintersteen without getting further
> information. We're utilizing these rules that are provided to any
> beneficiary so that we can first do some fact gathering without

> the cost to Ms. Wintersteen. Ms. Wintersteen can't afford to make bad decisions. . . .
>
> **Circuit Court**: That's what I don't understand. This would be no different – and I'm not being critical – but this would be no different than if you had a summons and complaint and were participating in discovery under the Rules of Civil Procedure. I mean, you would seek the same information.
>
> **Charlotte's Counsel**: Your Honor, the remedies are not the same. So under 21-22, Ms. Wintersteen as the petitioner could come and ask the court to do a report. . . . And I think that you are, you know, making – again, just going back to our petition, we're just asking for court supervision.

Accordingly, the only inference that we can draw from the above colloquy is that the hearing on Charlotte's original petition did not constitute a "judicial proceeding to contest whether . . . an irrevocable trust was validly created . . . ." SDCL 55-4-57(a).

[¶21.] Yet, Charlotte relies on language contained within the affidavit she filed with the petition to support her argument that the petition challenged the validity of the third amendment. The affidavit states, "I am concerned that the Trust is not being administered properly. I further believe that I am a beneficiary of the trust and the [t]hird [a]mendment is invalid." Charlotte cites SDCL 15-6-10(c) and a number of cases as authority for her proposition. However, the cases Charlotte references are inapposite.

[¶22.] SDCL 15-6-10(c) provides that "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." SDCL 15-6-10(c) is identical to Federal Rule of Civil Procedure 10(c). While we have not had occasion to address the application of SDCL 15-6-10(c) to this question, several federal courts have interpreted its federal counterpart to some degree. *See United States v. Ritchie*, 342

-11-

F.3d 903, 908 (9th Cir. 2003) (declaring "[a]ffidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint"); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (referencing Fed. R. Civ. P. 10(c) and stating "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim"); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (stating the same); *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989) (stating affidavits are not considered written instruments according to Rule 10(c)); *United States v. Erie Cty., NY*, 724 F. Supp. 2d 357, 367 (W.D.N.Y. 2010) (stating that common exhibits to complaints under Rule 10(c) are contracts, correspondence, patents, and the like, but a fifty-page finding letter in further support of its complaint did not constitute an exhibit).

[¶23.]     Initially, it is important to note that the affidavit was not incorporated by reference in the petition nor was it an exhibit. Charlotte made no reference in the petition to any facts purporting to challenge the validly of the Trust or its subsequent amendments. Further, the statement Charlotte made in her affidavit is in the context of asserting her status as a beneficiary—a prerequisite for obtaining supervision under SDCL 21-22-9. If the petition truly challenged the validity of the third amendment, there would be no need to seek to amend it to add such a claim. Rather, the petition sought court supervision, as Charlotte's counsel explained, as a preliminary step to determine whether she would make a claim at some point in the future. Given Charlotte's failure to set forth her proposed claim in her original petition, our review of the pleadings and colloquy with the circuit court reveals but

one conclusion: Charlotte did not commence a judicial proceeding challenging the validity of the Trust within the required time limitation.

[¶24.]        3.        *Whether the circuit court erred in holding SDCL 55-4-57(a)(1) is a statute of repose.*

[¶25.]        Charlotte alleges that the circuit court erred in concluding that SDCL 55-4-57(a)(1) is a statute of repose. According to Charlotte, SDCL 55-4-57(a)(1) is a statute of limitations, which would permit her amended claim challenging the validity of the third amendment to relate back to the date of her original petition.

[¶26.]        While statutes of limitation and repose both establish time limits governing commencement of an action by a claimant, there are key distinctions between the two. *See Clark Cty. v. Sioux Equip. Corp.*, 2008 S.D. 60, ¶ 24, 753 N.W.2d 406, 415 ("[T]he differences between statutes of limitations and statutes of repose are substantive, not merely semantic."). "A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated or the remedy for the wrong committed is deemed waived." *Peterson, ex rel. Peterson v. Burns*, 2001 S.D. 126, ¶ 40, 635 N.W.2d 556, 570. "A statute of repose bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action." *Id.* ¶ 41. Put simply, "statutes of repose effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *Pitt-Hart*, 2016 S.D. 33, ¶ 21, 878 N.W.2d at 414 (quoting *CTS Corp. v. Waldburger*, ___ U.S. ___, ___, 134 S. Ct. 2175, 2183, 189 L. Ed. 2d 62 (2014)).

[¶27.]        In this case, SDCL 55-4-57(a)(1) operates as a statute of repose. "SDCL 55-4-57(a)(1) bars claims contesting the validity of revocable and irrevocable

trusts one year after the settlor's death, *regardless of when the injury arose or when the person received notice.*" *Briggs*, 2017 S.D. 40, ¶ 9 n.5, 898 N.W.2d at 469 n.5 (emphasis added). On September 20, 2016, Charlotte attempted to amend her original petition to include a claim challenging the validity of the third amendment. Lee, the settlor of the Trust, passed away on May 26, 2015. Charlotte's motion to amend was filed nearly 16 months after Lee's death and therefore does not fall within the one-year time limitation of SDCL 55-4-57(a)(1). "[W]ith the expiration of the period of repose, the putative cause of action evanesces; life cannot thereafter be breathed back into it." *Clark Cty.*, 2008 S.D. 60, ¶ 27, 753 N.W.2d at 416 (quoting *Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co., Inc.*, 419 F.3d 355, 363-64 (5th Cir. 2005)).

[¶28.]     *4.     Whether the circuit court erred in concluding the relation-back doctrine is not applicable to SDCL 55-4-57(a)(1).*

[¶29.]     Charlotte finally contends that even if SDCL 55-4-57(a)(1) is a statute of repose, the circuit court erred in concluding the relation-back doctrine does not apply to such statutes. Charlotte argues that SDCL 15-6-15(c) permits her motion to amend, filed after the expiration of the one-year period imposed in SDCL 55-4-57(a)(1), to relate back to her original petition.

[¶30.]     SDCL 15-6-15(c) states that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." We have explained:

> The test under [this] statute, which follows Fed. Rule Civ. Proc. 15(c), is whether the claim arose out of the conduct, transaction or occurrence set forth in the original claim, or whether the

-14-

> claim states a different cause of action. If an amended claim raises new and distinct theories of recovery, it will not relate back to the original.

*Lewis v. Moorhead*, 522 N.W.2d 1, 6 (S.D. 1994).

[¶31.]		Although Charlotte submits that the relation-back doctrine should apply to statutes of repose, we need not decide that issue.[9] This is because for Charlotte's amended petition to relate back, her amended claim must arise out of the same conduct, transaction, or occurrence set out in the original claim. *See* SDCL 15-6-15(c). As previously noted, Charlotte's original petition sought court supervision for the "administration of the trust." *See* SDCL 21-22-13. But Charlotte's amended petition sought invalidation of the third amendment by alleging the trustor was incompetent. Specifically, Charlotte asserted that Glen Wintersteen, a previous Trustee, and Lee's children exercised undue influence over Lee, who lacked capacity to execute the third amendment. Thus, Charlotte's invalidity claim did not arise out of the court's administration of the Trust, but rather arose years earlier when Lee executed the third amendment in March 2014. The petition for court supervision, without more, is not enough to persuade this Court that it included a cause of action or factual basis to challenge the Trust's validity. *See Waterman v. Morningside Manor*, 2013 S.D. 78, ¶ 19, 839 N.W.2d 567,

---

9.		Whether the relation-back doctrine applies to a statute of repose has divided other courts. *Compare, e.g.*, *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 64 (E.D. Va. 2016), *aff'd*, 866 F.3d 199 (4th Cir. 2017) (holding statute of repose does not bar relation back of an amendment under Fed. R. Civ. P. 15 because the rule does not distinguish between statutes of limitations and statutes of repose), *with Resolution Trust Corp. v. Olsen*, 768 F. Supp 283, 285 (D. Ariz. 1991) (stating relation back under Fed. R. Civ. P. 15 does not apply to statutes of repose, as they define substantive rights rather than limiting procedural remedies).

572-73 (A court must "determine if the amendment shows the same general factual allegation as that alleged in the original petition.").

[¶32.] Because her amended claim was outside the limitations period and did not arise out of the same conduct, transaction, or occurrence as her original claim seeking court supervision, Charlotte cannot relate back a proposed claim by taking advantage of an assertion that was not made. Even though Charlotte is a beneficiary entitled to court supervision, we have stated that "[a]n outlawed claim cannot be revived by the simple expedient of suing it under the guise of an amendment to a complaint . . . ." *J.F. Anderson Lumber Co. v. Davis*, 51 S.D. 146, 212 N.W. 917, 918 (1927).

## Conclusion

[¶33.] The circuit court did not err in denying Charlotte's motion to amend the original petition as futile. Operating as a statute of repose, SDCL 55-4-57(a)(1) governed Charlotte's proposed claim, and because she did not commence a judicial proceeding contesting the validity of the third amendment within the one-year period set out by the statute, her claim was time-barred. Moreover, Charlotte cannot take advantage of the relation-back doctrine for an extinguished claim that did not arise out of the same conduct, transaction, or occurrence as the original. We affirm.

[¶34.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and JENSEN, Justices, concur.